IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME JULIUS BROWN, SR.        *

       v.        *    CIVIL ACTION NO. ELH-14-1284

DOUGLAS GANSLER, et al.        *
                                                *****

## **MEMORANDUM**

On April 15, 2014, Jerome Julius Brown, a frequent self-represented litigator in this court who is now detained at the Spring Grove Hospital Center ("Spring Grove") in Catonsville, Maryland, filed a pleading that has been construed as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] He appears to challenge a charge filed against him in the District Court for Charles County, Maryland involving the failure to return a rental vehicle and his commitment to the Maryland Department of Health and Mental Hygiene ("MDHMH"). *See State v. Brown*, Criminal No. 6P00069971 (District Court for Charles County).[2] Because Brown appears indigent, his motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Brown's petition contains incomprehensible, run-on statements for which the undersigned cannot fashion a federal claim. Attached to the petition are copies of a bench warrant; a judicial

---

[1] Brown has filed over 100 cases with the court and is subject to pre-filing restrictions under *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md.). His previous actions in the court generally consist of rambling memoranda and indecipherable attachments. This case is no different.

[2] According to the state court docket and the attachments to the Petition, Brown's criminal case was deemed inactive due to a finding of incompetency and he was transported to Spring Grove. Respondent must report to the state court every six months with regard to Brown's case and the state court must reassess Brown's competency on an annual basis. *See* Md. Code, §§ 3-104 to 3-108 of the Criminal Procedure Article. Brown is currently scheduled for an annual competency review hearing on September 14, 2014.

finding of incompetency on March 31, 2014, along with a criminal commitment assigning Brown to the MDHMH; an order for return of fugitive, filed in the Superior Court for the District of Columbia; a trial summary; and a bench warrant. ECF No. 1 at Attachments. According to the attachments, Charles County District Court Judge Louis Hennessy found Brown incompetent to stand trial on March 31, 2014.

The petition shall be dismissed, without prejudice. This court has attempted to determine the nature of the claims from a generous construction of the papers. It is impossible to do so. Assuming Brown wishes to challenge the validity of his state court criminal charge, his transfer from the District of Columbia to Maryland, the finding of incompetency, and his current detention, Brown's habeas petition is subject to dismissal. A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490, 500 (1973).

While the Charles County District Court's ruling of incompetency on March 31, 2014, and order of commitment to Spring Grove, undoubtedly precipitated this filing, Brown offers no justiciable reasons why the court should review this habeas action. He does not contend that a state remedy is unavailable for his claims and a review of the cause of action reveals that he has not fully exhausted his remedies as to this issue. In particular, there is no showing that Brown appealed his original incompetency and commitment decision. Moreover, Brown may file an action in the state court seeking a release hearing under Md. Code, Health-General Art., § 10-805. Therefore, this
2

action must be dismissed for failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).[3]

## Conclusion

There is no record that Brown has exhausted his state court remedies by judicially challenging the competency hearing finding or the failure to release him. Therefore, any "habeas" challenge to his continued detention is untimely.

A separate Order follows, dismissing this case, without prejudice.


Date: April 18, 2014                               /s/
                                                   Ellen Lipton Hollander
                                                   United States District Judge

---

[3] The Criminal Clerk for the Charles County District Court indicates that Brown is represented by the Office of the Public Defender, 4th District. Their office is located at Southern Maryland Trade Center, 101 Catalapa Drive, Suite 102A, LaPlata, Maryland 20646. Brown may wish to contact that office for assistance.